UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K. JIN LIM, Trustee,   District Court No. 10-cv-13006
  Honorable Paul D. Borman
    Plaintiff/Appellee,   United States District Judge

  Bankr. Ct. No. 09-04960
v.   Honorable Marci B. McIvor

DIANA ALWERFALLI,

    Defendant/Appellant.
_____/

OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S JULY 16, 2010
ORDER DENYING DEFENDANT/APPELLANT'S JUNE 28, 2010 MOTION FOR
RECONSIDERATION OF ITS JUNE 14, 2010 JUDGMENT IN FAVOR OF
PLAINTIFF/APPELLEE (BANKR. DKT. NO. 28)

This matter is before the Court on Defendant/Appellant's appeal of Bankruptcy Judge Marci B. McIvor's July 16, 2010 Order Denying Defendant's Motion for Reconsideration. (Bankr. Dkt. No. 28.) Both Defendant/Appellant and Plaintiff/Appellee have filed briefs. This Court held a hearing on February 3, 2011. For the reasons that follow, the Court **AFFIRMS** the Order of the Bankruptcy Court.

I.   **BACKGROUND**

On February 17, 2009, Tamer D. Alwerfalli, ("Debtor") Debtor in this proceeding, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (June 15, 2010 Order Denying Defendant's Motion for Reconsideration, Bankr. Dkt. No. 28, 1, App. Rec. No. 4.) On June 2, 2009, the Trustee/Appellee initiated an adversary proceeding against the Debtor's mother, Diana Alwerfalli, alleging that on December 18, 2009, the Debtor fraudulently transferred to his mother property located at 3071 Cornell Street, Dearborn, Michigan ("the Cornell Property"). (*Id.*) The

1

Trustee/Appellee based his complaint on a "Settlement Statement" which indicated the sales price of the property as $155,000. The Settlement Statement also indicated that the purchaser, Defendant/Appellant, was receiving a "gift of equity" in the amount of $30,234.54. (*Id*.) The complaint alleged that because the Debtor gave his mother a gift of equity as part of the sales transaction, he transferred the property for less than its reasonably equivalent value in violation of the Michigan Fraudulent Transfer Act, Mich. Comp. Laws § 566.35. (*Id*. 1-2.)

The Bankruptcy Judge, Honorable Marci B. McIvor, held a trial on June 14, 2010, receiving documents and testimony from the Debtor, the Trustee/Appellee, the Defendant/Appellant and the Quicken Loan officer, George Popofski, who authenticated the loan documents. (Transcript of June 14, 2010 Trial, Bankr. Dkt. No. 27, App. Rec. No. 5, p. 2.) On June 15, 2010, Bankruptcy Judge McIvor issued a Judgment against Defendant/Appellant in the amount of $30,234.54, the amount designated on the Settlement Statement as a "gift of equity." On June 28, 2010, Defendant/Appellant filed a motion for reconsideration of Judge McIvor's June 14, 2010 Judgment, arguing that the Trustee/Appellee had failed to meet its burden of establishing the value of the Cornell Property and therefore failed to establish that the transfer was for less than the reasonably equivalent value. (Bankr. Dkt. No. 25, App. Rec. No. 2.) On June 15, 2010, Judge McIvor issued an Order Denying Defendant's Motion for Reconsideration. (Bankr. Dkt. No. 28, App. Rec. No. 4.) Defendant/Appellant now appeals the June 14, 2010 Judgment.

## II.     STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *In Re Baker & Getty Fin. Serv., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). A bankruptcy judge's factual findings will not be set aside unless they are clearly erroneous and the

appellant can demonstrate "the most cogent evidence of a mistake of justice." *Id.* On appeal to a district court, a bankruptcy court's findings of fact are reversible only if they are clearly erroneous. "[I]f a question is a mixed question of law and fact, then [the district court] must break it down into its constituent parts and apply the appropriate standard of review for each part." *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993). "[T]he Bankruptcy Court's rulings on evidentiary issues are reviewed for an abuse of discretion." *In re Shekerjian*, No. 09-14708, 2010 WL 1417782 at * 5 (E.D. Mich. April 5, 2010).

## III.   ANALYSIS

At the hearing on this matter before this Court, counsel for Defendant/Appellant conceded that he had "a big hill to climb" in appealing the Bankruptcy Court's factual determination as to the value of the property which the debtor transferred to his mother, the Defendant/Appellant. Defendant/Appellant nonetheless challenges certain of the Bankruptcy Judge's evidentiary rulings and ultimate factual conclusions as to the value of the property transferred. The Court concludes that the Bankruptcy Court did not abuse its discretion in admitting into evidence, and relying on, the debtor's own statement of financial affairs and the debtor's own testimony as to his opinion of the value of the property, along with the settlement statement. The Court concludes that the Bankruptcy Judge's factual finding as to the value of the property, based upon this evidence, was not clearly erroneous. There is no dispute that the parties agreed to a sum certain and that the consideration transferred was less than that amount, the difference characterized as a "gift of equity."

In concluding that the Debtor transferred the property to his mother, Defendant/Appellant, for less than a reasonably equivalent value in violation of the Michigan Fraudulent Transfer Act,

Mich. Comp. Laws § 522.35,[1] the Bankruptcy Judge relied on the following evidence: (1) the Settlement Statement from the loan transaction; (2) the Statement of Financial Affairs filed in the Debtor's bankruptcy case; and (3) the testimony of the Debtor as to the value of the property. Both the Settlement Statement and the Debtor's Statement of Financial Affairs listed the sale price of the Cornell Property as $155,000. (June 15, 2010 Order, p. 3.) The Settlement Statement listed as a component of the purchase price a gift of equity from the Debtor to the Defendant/Appellant in the amount of $30,234.54. (*Id*.) The Debtor testified at the trial that the property was worth "way more than $110 [$110,000]." (Trial Tr., App. Rec. 5, p. 25.) The Debtor testified that he had purchased the home at foreclosure for about $110,000 but that it needed work. The Debtor further testified that he put approximately $10,000 into the home and planned to make money on the home when he sold it. (*Id*. at 25-26.) The Debtor also testified that homes in the neighborhood of the Cornell Property were selling for more than $155,000 when he purchased the home. (*Id*. at 25.) The Defendant/Appellant objected to the evidence offered by the Trustee/Appellee as based on hearsay but did not introduce any evidence to rebut the evidence offered by the Trustee/Appellee. (*Id*. at 6.)

Relying on a series of cases holding that a property owner is generally competent to give an opinion of the value of his property under Fed. R. Evid. 701, the Bankruptcy Judge held that the Debtor's testimony, in conjunction with the Settlement Statement and the Statement of Financial

---

[1] Mich. Comp. Laws § 566.35 provides in relevant part:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer or obligation.

4

Affairs, was sufficient to shift the burden of proof to the Defendant/Appellant with regard to the value of the Cornell Property and the value of the gift of equity. (June 15, 2010 Order, App. Rec. No. 4, p. 4.) *See United States v. 329.73 Acres of Land, Etc.*, 666 F.2d 281, 284 (5th Cir. 1982) ("the opinion testimony of a land owner as to the value of his land is admissible without further qualification" as to the value of his land); *Buckland v. Household Realty Corp. (In re Buckland)*, 123 B.R. 573 (Bankr. S.D. Ohio 1991) (land owner's opinion of the value of his land is admissible as evidence of value).

In response to this evidence, the Defendant/Appellant offered no evidence as to the value of the property or as to the amount of the gift of equity. Denying Defendant/Appellant's motion for reconsideration, the Bankruptcy Judge held:

> Through the Settlement Statement, the Statement of Financial Affairs and the testimony of the Debtor, Plaintiff met his burden of proof that the sale price of the $155,000 reflected an appropriate value for the Cornell property. At that point, the burden of proof shifted to Defendant to demonstrate: (1) the value of the Cornell property as of December 18, 2007 or (2) that the Defendant did not receive a gift of equity, because the sale price was something less than the price reflected on the Settlement Statement. . . . Such evidence might have included: (1) a copy of Defendant's mortgage, for purposes of demonstrating that the new mortgage was substantially less than the price of the property; (2) testimony from the mortgage broker who facilitated the transfer of the property from Debtor to Defendant regarding how the sale price stated on the Settlement Statement was calculated; or (3) testimony from an appraiser regarding the value of the Cornell property in December 2007.
>
> Defendant failed to produce any evidence to support a finding that on December 18, 2007, the property purchased by Defendant, Diana Alwerfalli, was worth less than $155,000, the sale price listed on the Settlement Statement. The Settlement Statement states that the purchaser received a gift of equity in the amount $30,234.54. The fact that the Debtor received no money from the transfer, or that Defendant was unaware of the manner in which the purchase price was calculated, is not relevant to the Court's fraudulent transfer analysis. The evidence supports the Court's finding that Debtor received significantly less for the property than he would have had he marketed the property, rather than arranged for the transfer of the property to his mother.

(June 15, 2010 Order, App. Rec. 4, pp. 7-8.)

On appeal, Defendant/Appellant does not contest the authenticity of the documents relied on by the Bankruptcy Judge in reaching her decision and offers no law in support of the argument that the evidence admitted was legally insufficient to form the basis for the Bankruptcy Court's conclusion as to the amount of the judgment.  Defendant/Appellant states in her brief on appeal, without citation to any legal authority, that the Bankruptcy Court should have disregarded all of the evidence presented at the trial regarding the value of the Cornell Property.  However, Defendant/Appellant does not contest the fact that she introduced no evidence in the Bankruptcy Court as to the value of the property.  At the hearing on this matter, counsel for the Defendant/Appellant conceded that he introduced no evidence as to the value of the property because he just didn't think the trustee had met his burden.

Moreover, as Plaintiff/Appellee points out in his brief on appeal, the actual value of the property is not an essential finding as the purchase agreement clearly establishes that the parties agreed to a sale price, $155,000, and further agreed that a portion of that price, $30,234.54, was a gift.  It is clear that the Debtor intended, and accomplished, a gift to his mother resulting in a transfer of less than the reasonably equivalent value the Debtor could have obtained had he marketed the property to a third party for full value.  The Court concludes that there is no clear error in the findings of fact made by the Bankruptcy Judge that the Cornell Property was sold to Defendant/Appellant for $155,000 on December 18, 2007 and that Defendant/Appellant received a gift of equity in the amount $30,234.54, which resulted in a transfer of the property for less than reasonably equivalent value under Mich. Comp. Laws § 566.35.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the June 14, 2010 Judgment of the Bankruptcy Court in the amount of $30,234.54 against the Defendant/Appellant. (Bankr. Dkt. No. 24, App. Rec. No. 2.)

IT IS SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 22, 2011.

S/Denise Goodine
Case Manager